# EXHIBIT 1

| | | | |
|---|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | [Seal] <br>**CIVIL SUMMONS** | Case No. __17-CI-006056__<br>Court ☑ Circuit ☐ District<br>County Jefferson | |

**RECEIVED**    **PLAINTIFF**

SEP 27 2017

JOHN DOE
c/o Sarah Almy, Attorney
1611 Rosewood Avenue
Louisville KY 40204

VS.

**DEFENDANT**

UNIVERSITY OF LOUISVILLE
Serve Leslie Strohm
2301 South Third Street
Louisville KY 40208

**Service of Process Agent for Defendant:**

_____
_____
_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: SEP 25 2017, 2____

DAVID L. NICHOLSON, CLERK

_____ Clerk
By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2_____.

Served by: _____
_____ Title

| | |
|---|---|
| CASE NUMBER | JEFFERSON COUNTY CIRCUIT COURT |
| 17CI05056 | CIVIL DIVISION<br>JUDGE _____ |

JOHN DOE                                              PLAINTIFF
c/o Sarah Almy, Attorney
1611 Rosewood Avenue
LOUISVILLE KY 40204

VS.                         COMPLAINT

UNIVERSITY OF LOUISVILLE                              DEFENDANTS
Serve Leslie Strohm
2301 South Third Street
Louisville KY 40292

AND

DEAN MARCIA HERN
University of Louisville
School of Nursing
555 South Floyd Street
Louisville KY 40292

AND

DR. ANGELA CALLOWAY
University of Louisville
School of Nursing
555 South Floyd Street
University of Louisville
Louisville KY 40292

AND

KATHERINE WECKMAN
7104 Greengate
Louisville KY 40241

  The Plaintiff, JOHN DOE, by counsel, states for his causes of action as follows:

1

## THE PARTIES

### The Plaintiff

1. The Plaintiff, JOHN DOE resides in Louisville, Kentucky, and has been a resident of the Commonwealth of Kentucky in Jefferson County for more than the past 180 days. JOHN DOE served in the United States Marine Corps and was honorably discharged in 1998, after which time he served as a civilian contractor in combat zones for over 10 years. He received his undergraduate degree at the University of Louisville in 2009. He enrolled at the University of Louisville's graduate nursing program in 2015 with an expected graduation date of May 2017. He was wrongfully suspended in September 2016.

### The Defendants

2. The Defendant, the University of Louisville, is situated in Jefferson County, Kentucky;

3. The Defendant, Dr. Marcia Hernden, is the Dean of Nursing at the University of Louisville where she denied him due process, discriminated against, and permitted at least one instructor and one student to maliciously defame JOHN DOE's character without repercussion;

4. The Defendant, Dr. Angela Calloway, is a clinical professor employed by the University, who maliciously defamed JOHN DOE at the University in class to his colleagues and classmates at the School of Nursing;

2

5. The Defendant, Katherine Weckman, was a student at the University at the time of the suspension, who maliciously defamed JOHN DOE at the University under the University's supervision in collusion with Dr. Calloway.

## VENUE AND JURISDICTION

6. False criminal charges against JOHN DOE were brought in Jefferson County, Kentucky on September 19. 2016;

7. The suspension occurred in Jefferson County, Kentucky;

8. The malicious defamation by Dr. Calloway and Ms. Weckman occurred at the University of Louisville School of Nursing in Jefferson County, Kentucky;

9. The damages to JOHN DOE exceed the statutory level for Circuit Courts in the Commonwealth;

10. Venue and jurisdiction are proper in the Jefferson Circuit Court;

## FACTS OF THE CASE

### The Suspension

11. JOHN DOE was a student in good standing in the Master's Entry Professional Nursing Program (MEPN), having complied with the full admissions process (including a background check), and having successfully completed all coursework. He expected to graduate in May, 2017;

12. On September 19, 2016, LMPD arrested JOHN DOE at the University and falsely charged him with two counts of Sexual Abuse I and one count of Distribution of Obscene Material to Minors;

13. At that time, he had not been, still has not been and will not be found guilty of these false charges;

14. There can be no corroborating evidence to prove the false charges, and JOHN DOE will not accept any plea deal because he is absolutely not guilty of committing the abhorrent acts of which he has been charged;

15. The very next day, Dean Hern composed a letter to JOHN DOE, suspending him from the MEPN program and claiming that he had never fulfilled the Kentucky HB 136, for a background check as a part of his admissions process;

16. The letter was delivered to him on September 26, 2017, the day he was released from the Jefferson County Jail;

17. The University wrongfully suspended JOHN DOE without basis, claiming falsely that the suspension was justified by sections 10(d), 10(q), 10(u), and 10(mm) of the University Code of Student Conduct under "the color of the law," in violation of 18 US Code § 1982, the University's own policies, the 5th and 14th Amendments of the U.S. Constitution, and the Kentucky Constitution;

18. JOHN DOE did not violate any of sections 10(d), 10(q), 10(u), and 10(mm);

19. Mr. Ali is entitled to a conduct hearing prior to being permanently suspended from the MEPN program and from the University;

20. The University has failed to follow its own Disciplinary Procedures as set out in § 11.3 of the Student Handbook, which is a breach of contract for the terms

4

of engagement for a student in a public university and a violation of 18 US Code § 1982, the University's own policies, the 5th and 14th Amendments of the U.S. Constitution, and the Kentucky Constitution;

21. In a letter dated December 7, 2016, Dean Hern denied his right to a hearing and requested a second background check, which he then did;

22. In a letter dated February 27, 2017, Dean Hern wrote that he had passed the background check and was approved for admission in 2015;

## Defamation

23. Dr. Calloway, during several classes in JOHN DOE's absence, including but not limited to September 20th and 27th, maliciously stated that he was guilty and defamed his character to his classmates and University personnel;

24. On December 1, 2016, JOHN DOE filed a FERPA complaint against Dr. Calloway and requested a grievance hearing;

25. JOHN DOE filed FERPA complaints with the University about Dr. Calloway with the University, but at the hearing his testimony and evidence were not permitted to be entered, so she was not held accountable for the harm caused his character among his classmates, who would one day become his colleagues;

26. On May 12, 2017, upon learning that his colleague Katherine Weckman had actively taken part in the malicious defamation against him during Dr. Calloway's classes, even claiming she "knew" that he was a pedophile;

5

27. On May 22, Jessica Gernert wrote a letter to JOHN DOE letting him know that there would be no Title IX Grievance Hearing for his complaint against Ms. Weckman, constituting school-sanctioned harassment.

## CLAIMS

## BREACH OF CONTRACT

28. The University breached its contract with JOHN DOE when it failed to follow its own policies and procedures as set out in the Student Handbook;

## DEFAMATION OF CHARACTER

29. As a result of the defamatory statements made against him, JOHN DOE's reputation has been ruined in the nursing community;

30. The elements for defamation of character have been met. They are:
    a. a false and defamatory statement concerning another;
    b. an unprivileged publication[] to a third party;
    c. fault amounting at least to negligence on the part of the publisher; and
    d. either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. [1]

## DISCRIMINATION

31. JOHN DOE obviously is a male who was enrolled in the nursing school where the ratio of males to females is extremely low, and as such he is a member of a class protected against gender discrimination pursuant to the provisions of Title IX of the Civil Rights Act of 1964.

---

[1] *Walker v. Tucker*, 295 S.W. 138, 139 (Ky. 1927).

32. JOHN DOE's ethnicity is one-half Iranian, and he is a member of a class protected against ethnicity discrimination under Title VI of the Civil Rights Act of 1964, the 14th Amendment of the U.S. Constitution, and the Kentucky Constitution.

33. JOHN DOE turned 40 in July 2015. At the time of the suspension, JOHN DOE was 41 years of age and he is a member of a class protected against age discrimination by the Age Discrimination Act of 1975.

## DENIAL OF DUE PROCESS

34. The University denied JOHN DOE's right to due process as guaranteed by the 5th and 14th Amendments of the U.S. Constitution, and the Kentucky Constitution when it failed to follow school published policies and procedures as follow:

    a. Suspension procedures and policies

    b. Grievance procedures and policies

    c. Privacy procedures and policies

    d. Wrongful denial of Title 9 Complaint

35. The University ignored the presumption of innocence and instead acted pre-emptively based on criminal charges against JOHN DOE rather than waiting to act based on the final outcome of those charges.

## HOSTILE ENVIRONMENT

36. The University created a hostile environment for JOHN DOE by failing to protect his privacy, permitting defamatory comments made by and through its

7

employees, Dr. Marcia Hern, Dr. Angela Calloway and its then-student, Katherine Weckman, which amounted to school-sanctioned harassment, to stand, by suspending him without due process, by failing to follow its own procedures, created a hostile environment for JOHN DOE.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. The University, by and through its employees, Dr. Marcia Hern, Dr. Angela Calloway and its then-student, Katherine Weckman, intentionally inflicted emotional distress on JOHN DOE.

## FINANCIAL DAMAGES

38. As a result of the wrongful suspension he was substantially damaged financially as follows:

   a. In reliance of his acceptance into the MEPN program, JOHN DOE left a high-paying position and turned down multiple offers for subsequent jobs and the opportunity to attend medical college at American University Antigua with full Title VII federal funding;

   b. In reliance on his acceptance into the MEPN program, he incurred over $100,000.00 in student loans which he must repay even though he has been wrongfully suspended from the University;

   c. In reliance on his expected graduation from the MEPN, he is now obligated to repay his Norton Scholars $26,000.00 employment scholarship because of his wrongful suspension from the University;

    d. The wrongful suspension prevented him from starting his position at Norton HealthCare where he would have obtained ICU experience, and offered a generous benefits package;

39. As a result of the wrongful suspension, JOHN DOE's life has been destroyed even as he continues to await his opportunity to disprove the criminal charges against him, at which time he would have liked to begin his career as a nurse.

**WHEREFORE THE PLAINTIFF, JOHN DOE**, by counsel, respectfully demands:

1. Trial by a jury of his peers;
2. Reinstatement in good standing to the UL Master's Entry to Nursing Program;
3. Punitive damages;
4. Attorney's fees;
5. Leave to amend this Complaint if necessary;
6. Any and all other relief to which he may be entitled.

### VERIFICATION BY THE PLAINTIFF

I, JOHN DOE, having first been duly sworn, verify that I have read the statements herein and that they are true and correct to the beset of my knowledge and understanding.

_____
JOHN DOE

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF JEFFERSON**

9

Acknowledged, signed and sworn before me by JOHN DOE on September 25, 2017.
My Commission Expires on April 4, 2019.

_____
Andrew A. Almy

Respectfully Submitted,

_____
Sarah Almy
ALMY LAW OFFICE
1611 Rosewood Avenue
Louisville KY   40204
(502) 452-6333
(502) 386-3474
ssalmy@aol.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   UofL
   Leslie Strohm
   2301 So. Third St
   Louisville KY 40292

   9590 9402 3017 7124 6959 68

2. Article Number (Transfer from service label)

   7017 1070 0000 1811 0147

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]      ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
   Christina N. Howard              09/27/17

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

USPS TRACKING #



9590 9402 3017 7124 6959 68

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Abney Law Office
1611 Rosewood Ave
Louisville Ky 40204

Annylaw
1101 Rosewood
40204




CERTIFIED MAIL
7017 1070 0000 1811 0147

University of Louisville
Leslie Strohm, Registered Agent
2301 So. Third St.
Louisville KY 40292



U.S. POSTAGE PAID
LOUISVILLE, KY
40231
SEP 25, 17
AMOUNT
$7.01
R2305M145051-50