UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN DOE                                                                                              Plaintiff

v.                                                                      Civil Action No. 3:17-cv-00638-RGJ

UNIVERSITY OF LOUISVILLE, *et al.*                                                        Defendants

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe brings this action against the University of Louisville, Marcia Hern, Angela Calloway, and Katherine Weckman (collectively, "Defendants") alleging claims of breach of contract, defamation, violation of Title IX of the Educational Amendments Act of 1972 (20 U.S.C. § 1681 *et seq.*), violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*), violation of the Age Discrimination Act of 1975 (42 U.S.C. § 6101 *et seq.*), violation of the Fifth and Fourteenth Amendments of the United States Constitution (42 U.S.C. § 1983), and intentional infliction of emotional distress. [DE 1-2, Compl.]. Plaintiff filed this action using the pseudonym "John Doe." *Id.* In accordance with Plaintiff's use of the pseudonym, Defendants filed Motions for Leave to Seal Documents [DE 6, 8], which contained Plaintiff's name. In addition, Defendants filed Motions to Dismiss asserting, among other grounds, Plaintiff's failure to state the names of all parties in the Complaint under Federal Rules of Civil Procedure 10(a) and 17(a)(1) or seek permission to proceed under a pseudonym. [DE 7, 10].

In part as a response to Defendants' Motions to Dismiss, Plaintiff now moves for leave to proceed as "John Doe" and to seal or remove his name from all documents. [DE 13]. The Defendants filed Responses in opposition to Doe's Motion. [DE 22, 23]. Plaintiff filed Reply briefs responding to the opposition of all Defendants. [DE 24, 25]. The issue of Plaintiff's request to proceed under a pseudonym and the associated Motions to Seal are ripe for adjudication. [DE

1

13, 6, 8]. For the reasons below, the Plaintiff's Motion for Leave to Proceed as "John Doe" is **DENIED**, and the related Motions to Seal are **DENIED AS MOOT** with the exception of the compact disc labeled "Controlled Call," which **SHALL REMAIN UNDER SEAL** because it contains personally identifiable information concerning a minor.

## I. BACKGROUND

Beginning in 2015, Plaintiff was a student in the University of Louisville School of Nursing. [DE 1-2, Compl. at ¶ 11]. On September 19, 2016, he was arrested for two counts of sexual misconduct with a minor under the age of 12 and one count of distribution of obscene material to a minor under the age of 12. *Id.* at ¶ 12. Following his arrest, Marcia Hern, Dean of the School of Nursing, placed him on an interim suspension for potential violations of the University Code of Student Conduct. *Id.* at ¶ 17. The University also claimed that he had failed to complete a criminal background check required for admission. [DE 7, Univ.'s Motion to Dismiss at 2]. Plaintiff contends that he did not violate the Code of Conduct and complied with all admissions requirements, including the background check. [DE 1-2, Compl. at ¶ 11]. He then completed and passed a background check at the University's request, but remained on suspension. [*Id.* at ¶ 21; DE 7, Univ.'s Mot. to Dismiss at 2].

On December 1, 2016, Plaintiff alleged that Dr. Calloway, a clinical professor at the University, violated his rights under the Family Educational Rights and Privacy Act by discussing his case in class. [DE 1-2, Compl. at ¶ 23]. The University held a hearing on Plaintiff's grievance and determined that Dr. Calloway had not violated his rights. *Id.* at ¶ 25. In May 2017, Plaintiff complained to the University that another student, Katherine Weckman, violated his rights under Title IX during the discussion in Dr. Calloway's class by claiming she knew Plaintiff was a

"pedophile." *Id.* at ¶ 26. The University determined that Weckman's conduct did not implicate Title IX and informed Plaintiff that it would not hold a hearing on his complaint. *Id.* at ¶ 27.

Plaintiff filed this civil action under the pseudonym "John Doe" in Jefferson County Circuit Court on September 25, 2017. *Id.* The state court declined Plaintiff's request for a protective order to allow him to proceed as "John Doe." [DE 25, Def.'s Reply to Univ's Resp.]. On October 17, 2017, Defendants removed the action to this Court. [DE 1, Not. Of Removal]. Plaintiff now moves for leave to proceed as "John Doe" and to seal or remove his name from all documents. [DN 13].

## II. STANDARD

The Federal Rules of Civil Procedure require that actions generally be brought in the name of the real party in interest. Fed. R. Civ. P. 10(a), 17(a)(1). This requirement applies equally to civil actions removed from state court. *Id.* at 81(c)(1).

In exceptional cases, the Court may grant a protective order allowing a plaintiff to litigate under a pseudonym. To obtain a protective order, a plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Several considerations determine whether a plaintiff's privacy interests substantially outweigh this presumption, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.*; *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir. 2005). The determination of whether to grant leave to proceed under a pseudonym falls within the discretion of the Court.

3

*Endangered v. Louisville/Jefferson Cty. Metro Gov't Dep't of Inspections*, 2007 WL 509695, at *1 (W.D. Ky. Feb. 12, 2007) (citing *Porter*, 370 F.3d at 560).

### III. DISCUSSION

Plaintiff argues that his privacy interests outweigh the presumption of open judicial proceedings because the nature of the charges will compel him to disclose information "of the utmost intimacy." [DE 13, Pl.'s Mot. to Proceed as John Doe at 2; DE 25, Def.'s Reply to Univ's Resp. at 3]. He "maintains his innocence and intends to request expungement" if found not guilty, and argues that "it would be inherently unfair for his identity to be exposed in this case because it would essentially render" any expungement worthless. [DE 13, Pl.'s Mot. to Proceed as John Doe at 2]. He also argues that "all defendants are aware of [his] actual identity," so Defendants' right to face their accuser is preserved. [DE 25, Def.'s Reply to Univ's Resp. at 3].

In response, the University argues that *D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016), precludes Plaintiff from proceeding under a pseudonym. [DE 22 at 3]. In that case, a nineteen-year-old plaintiff pleaded guilty to a misdemeanor for possession of marijuana at the border. *D.E.*, 834 F.3d at 725-26. He was sentenced to one month of probation under a Michigan law aimed at helping young people avoid the stigma of a criminal record by closing all proceedings to public inspection. *Id.* The plaintiff brought an anonymous civil action against the arresting police officer alleging a violation of his Fourth Amendment rights. *Id.* The Sixth Circuit affirmed the district court's denial of the plaintiff's motion for a protective order, holding that the plaintiff "did not articulate concerns that outweigh the presumption of openness in judicial proceedings." *Id.* at 728. The court also held that the plaintiff "forfeited his ability to keep secret his actions at the international border… when he sued United States Customs and Border Patrol agents." *Id.*

Similarly, Weckman argues that Plaintiff fails to raise sufficient grounds to proceed anonymously because his argument relies solely on the potential for a future criminal expungement. [DE 23 at 6-7]. She also contends that the "community possesses an important interest" in knowing Plaintiff's identity because he is an adult seeking to recover money damages from a state entity. *Id.* at 6.[1]

Considering the *Porter* factors and other relevant interests of the parties, Plaintiff fails to show compelling reasons for keeping his identity secret. First, the litigation in no way compels Plaintiff to disclose an intention to violate the law, nor is Plaintiff a child. Second, Plaintiff fails to demonstrate that prosecution of the case will compel him to disclose information "of the utmost intimacy." Unlike the plaintiff in *D.E.*, Plaintiff's criminal charges are already public. His real name appears in the public record of the criminal case in Jefferson County Circuit Court and connects him with alleged sexual offenses against a minor. [DE 6]. In *D.E.*, the Sixth Circuit held that the plaintiff "forfeited" the ability to keep his identity secret by filing a civil suit against a government entity. *D.E.*, 834 F.3d at 728. Likewise, Plaintiff has forfeited his ability to keep his identity concealed by filing this suit.[2]

Finally, Plaintiff fails to show that his interests outweigh the strong presumption of open judicial proceedings. He suggests that there is no value to open proceedings here because Defendants already know his identity. [DE 24, Def.'s Reply to Weckman's Resp. at 3-4]. But the broad "principle that judicial proceedings, civil as well as criminal, are to be conducted in public"

---

[1] The University and Weckman also cite cases in which courts rejected convicted defendants' attempts to proceed anonymously. [DE 22, Univ.'s Resp. to Pl.'s Mot. to Proceed as John Doe at 244; DE 23, Weckman's Resp. to Pl.'s Mot. to Proceed as John Doe at 257-58]. Plaintiff's criminal case is still pending in state court, and the presumption of innocence remains. These cases therefore have no bearing on the Court's determination of this motion.

[2] Plaintiff contends that he was required to file now to prevent running of the statute of limitations. [DE 24, Def.'s Reply to Weckman's Resp. at 263]. But it is the act of filing suit—not the reason for doing so at a particular time—that forfeits the ability to proceed under a pseudonym. *D.E.*, 834 F.3d at 728.

serves many other public ends. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (internal quotation omitted)). Beyond informing defendants of a plaintiff's identity, "[t]he people have a right to know who is using their courts." *Blue Cross Blue Shield United of Wis.*, 112 F.3d at 872. Anonymous litigation also deprives the public of its common law right of access to judicial proceedings, *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Because of this, courts have allowed parties to proceed anonymously only in "exceptional cases." *Megless*, 654 F.3d at 408. Plaintiff's attempt to preserve a purely hypothetical expungement—which assumes that Plaintiff will both be found not guilty *and* successfully have the charges expunged from his record—fails to present such an exceptional case here.

### IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT HEREBY ORDERS AS FOLLOWS**:

(1) Plaintiff's Motion to Proceed as "John Doe" and to Seal or Redact His Name from All Documents [DN 13] is **DENIED**.

(2) Plaintiff shall **FILE** an amended complaint in compliance with Fed. R. Civ. P. 10(a) and 17(a)(1).

(3) Defendant Katherine Weckman's Motion for Leave to File State Criminal Record Under Seal Pending Resolution of Her Motion to Dismiss [DN 6] is **DENIED AS MOOT** with the exception of the compact disc labeled "Controlled Call," which **SHALL REMAIN UNDER SEAL** because it contains personally identifiable information concerning a minor.

(4) Defendants University of Louisville, Marcia Hern, and Angela Calloway's Motion for Leave to File Exhibits to Motion to Dismiss Under Seal [DN 8] is **DENIED AS MOOT**.